UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLYN CADY,

                Plaintiff,                      12-CV-1121(LJV)(LGF)
                                                                      ORDER

      v.

BOLIVAR-RICHBURG CENTRAL
SCHOOL DISTRICT,

                Defendant.
_____


On December 13, 2012, the Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7. After Judge Scott was recused on November 7, 2013, Docket Item 20, Judge Arcara referred the case to United States Magistrate Judge Leslie G. Foschio. Docket Item 22.

On March 2, 2015, the defendant moved for summary judgment. Docket Item 26. On April 29 and May 5, 2015, the plaintiff responded to the defendant's motion, Docket Items 32 and 33, and on May 11, 2015, the defendant replied. Docket Item 34. On March 7, 2016, the case was reassigned from Judge Arcara to the undersigned. Docket Item 35.

On November 28, 2016, Judge Foschio issued a Report and Recommendation finding that the defendant's motion should be granted. Docket Item 36. The parties did

not object to the Report and Recommendation, and the time to do so now has expired. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's Report and Recommendation as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to grant the defendant's motion. Even assuming that the plaintiff is disabled under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as she alleges, there is no question that the defendant accommodated her disabilities. Moreover, it is clear that the defendant's budget issues—and not discrimination or retaliation against the plaintiff—were the non-pretextual reasons behind the reduction of the plaintiff's position from full time to part time. And the failure to consider the plaintiff in connection with a position for which she did not apply, and another position in a different department that she never requested, do not suggest otherwise.

For the reasons stated above and in the Report and Recommendation, the defendant's motion for summary judgment (Docket Item 26) is GRANTED; the complaint (Docket Item 1) is dismissed; and the Clerk of the Court is instructed to close the case.

SO ORDERED.

Dated: February 21, 2017
       Buffalo, New York

                                            s/Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE